Torres-Iraheta v. Lynch

BIA
Videla, IJ
A205 841 858

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of November, two thousand sixteen.

PRESENT:
    ROBERT A. KATZMANN,
        *Chief Judge,*
    ROBERT D. SACK,
    PETER W. HALL,
        *Circuit Judges.*

_____

WALTER ALBERTO TORRES-IRAHETA,
        *Petitioner,*

    v.                                      15-2216
                                            NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Anne Pilsbury, Central American
                       Legal Assistance, Brooklyn, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Anthony
                       P. Nicastro, Acting Assistant
                       Director; Tracey N. McDonald, Trial
                       Attorney, Office of Immigration
                       Litigation, United States

Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Walter Alberto Torres-Iraheta, a native and citizen of El Salvador, seeks review of a June 17, 2015, decision of the BIA affirming a December 30, 2014, decision of an Immigration Judge ("IJ") denying Torres-Iraheta's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Torres-Iraheta,* No. A205 841 858 (B.I.A. June 17, 2015), *aff'g* No. A205 841 858 (Immig. Ct. N.Y. City Dec. 30, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's and the BIA's decisions. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166 (2d Cir. 2008). The standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *see Xiu Xia Lin*, 534 F.3d at 165-66.

For asylum applications like Torres-Iraheta's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on

2

inconsistencies and omissions in an asylum applicant's statements and evidence. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n. 3. We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

In the present case, substantial evidence supports the agency's adverse credibility determination, which is dispositive of asylum and withholding of removal. *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). The agency reasonably relied on Torres-Iraheta's inconsistent testimony about the time period when he was threatened; his inability to recall the amount of money demanded by the gang; and his initial omission of an arrest for sexual assault in his asylum application. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166 n.3 (inconsistencies and omissions are "functionally equivalent" for credibility purposes). The agency was not required to credit Torres-Iraheta's explanations that he could not remember when the gang started threatening him or how much they asked for, as these are two of the central aspects of his extortion-based claim. His claim that he forgot about his prior arrest is also not compelling, given the serious

3

nature of the charges and the fact that he was detained for three days.  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (internal quotation marks omitted)).

Torres-Iraheta's argument that the agency failed to consider the whole record also lacks merit.  There is no indication that the agency overlooked record evidence rather than finding the evidence insufficient to rehabilitate Torres-Iraheta's inconsistent testimony.  *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise."); *Wei Guang Wang v. Bd. of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (internal quotation marks omitted)).  Torres-Iraheta's argument that the BIA engaged in impermissible fact finding also lacks merit.  The BIA did not make any factual findings inconsistent with the IJ's, but concluded that the evidence Torres-Iraheta pointed to did not undermine the IJ's factual

4

findings. *See* 8 C.F.R. § 1003.1(d)(3)(i) (providing that BIA reviews IJ's findings of fact for clear error).

Considering the totality of the circumstances, we cannot say that a reasonable fact finder would be compelled to find Torres-Iraheta's claim credible given the inconsistencies and omissions relating to important aspects of his claim. *Xiu Xia Lin*, 534 F.3d at 167.

Because credibility is dispositive, we do not reach the agency's alternate holding that Torres-Iraheta failed to establish that he was harmed on account of a protected ground. *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, we note that Torres-Iraheta's CAT claim was based solely on his fear that he would be imprisoned with gang members and tortured by them while awaiting trial on murder charges. Torres-Iraheta has now been released from prison, and the charges against him have been dismissed. He did not identify any other reason that he would be imprisoned in El Salvador. We therefore dismiss his CAT claim as moot. *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1982). To the extent Torres-Iraheta raises new grounds for relief based on events

5

that postdate the BIA's decision, he must bring those claims before the agency in the first instance.

For the foregoing reasons, the petition for review is DENIED, and the pending motion for a stay of removal is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6